UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IRIS CALOGERO                                          CIVIL ACTION

VERSUS                                                 NO. 18-6709

SHOWS, CALI & WALSH, LLP, a                            SECTION M (3)
Louisiana limited liability partnership;
MARY CATHERINE CALI, an
individual; and JOHN C. WALSH,
an individual

## ORDER & REASONS

Before the Court is a motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure by defendants Shows, Cali & Walsh, LLP, Mary Catherine Cali, and John C. Walsh (collectively, "Defendants") to dismiss the new claims brought by the recently added plaintiff Margie Nell Randolph for failure to state a claim.[1]  Plaintiffs Iris Calogero and Margie Nell Randolph ("Plaintiffs") respond in opposition.[2]  Having considered the parties' memoranda, the record, and the applicable law, the Court issues this Order & Reasons denying the motion.

## I.      BACKGROUND

This case arises from an alleged violation of the Fair Debt Collection Practices Act ("FDCPA") in attempting to recover the overpayment of Road Home grants.  After hurricanes Katrina and Rita devastated the Gulf Coast area, the federal government appropriated funds to address the unprecedented housing crisis.[3]  As a result, Louisiana developed the Road Home Program which was administered by the Louisiana Office of Community Development ("OCD").[4]

---

[1] R. Doc. 90.
[2] R. Doc. 93.
[3] R. Doc. 1 at 3.
[4] *Id*. at 4.

Calogero was one of the recipients of these funds as her home was damaged by the hurricanes.[5] As part of a May 11, 2007 contract, Calogero understood she could be prosecuted for "false, misleading, and/or incomplete statements and/or documents."[6] Over ten years later, on February 9, 2018, Defendants sent a letter to Calogero seeking repayment of "alleged grant overpayment" due to insurance proceeds overages.[7] Calogero alleges that these "form collection letters sent by Defendant to thousands of Louisiana residents threatened legal action on claims that were time-barred, without advising that payment on the debt would revive the statute of limitations."[8]

Calogero filed her lawsuit against Defendants on July 16, 2018, claiming violations of the FDCPA.[9] She later moved for leave to amend her complaint to clarify her claims for FDCPA violations and to add Randolph as an additional plaintiff.[10] Defendants did not oppose the motion, and it was granted by this Court on November 4, 2020.[11] Plaintiffs subsequently moved to amend their complaint a second time,[12] which was granted on June 30, 2021,[13] and the second amended complaint was filed into the record that same day.[14]

## II.    PENDING MOTION

In their motion, Defendants argue that Randolph's claims are time-barred by the one-year statute of limitations that applies to all FDCPA claims.[15] They assert that Randolph's claims were brought three years after she received her collection letter from Defendants.[16] These claims cannot

---

[5] *Id.*
[6] *Id.* at 5.
[7] *Id.* (quoting R. Doc. 1-2).
[8] R. Doc. 93 at 1.
[9] R. Doc. 1.
[10] R. Doc. 43.
[11] R. Doc. 46.
[12] R. Doc. 67.
[13] R. Doc. 79.
[14] R. Doc. 80.
[15] R. Doc. 90-1 at 8.
[16] *Id.*

relate back to the original complaint, Defendants say, because they add a new plaintiff, new causes of action, and ultimately, new "classes" of plaintiffs.[17]

In opposition, Plaintiffs argue that Defendants cannot assert that their motions to amend were brought in an untimely fashion because they should have raised those objections in opposition to Plaintiffs' motions for leave to amend.[18]  Plaintiffs further argue that their amended claims relate back to the original complaint because they arise out of the same conduct, transaction, or occurrence.[19]  They explain that Randolph is not a new party as she was encompassed within the originally defined class. [20]

## III.   LAW & ANALYSIS

### A.  Rule 12(b)(6) Standard

The Federal Rules of Civil Procedure require a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).   Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  The statement of the claim must "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  A pleading does not comply with Rule 8 if it offers "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "'naked assertions' devoid of 'further factual enhancement.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557) (alteration omitted).

---

[17] *Id.* at 9-11.
[18] R. Doc. 93 at 3-5.
[19] *Id.* at 5-10.
[20] *Id.*

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is plausible on the face of the complaint "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Plausibility does not equate to probability, but rather "it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Thus, if the facts pleaded in the complaint "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'shown' – 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)) (alteration omitted).

In considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court employs the two-pronged approach utilized in *Twombly*. The court "can choose to begin by identifying pleadings that, because they are no more than conclusions [unsupported by factual allegations], are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. However, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "[The] task, then, is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 385 (5th Cir. 2017) (quoting *Doe ex rel. Magee v. Covington Cty. Sch. Dist.*, 675 F.3d 849, 854 (5th Cir.

2012)).  Motions to dismiss are disfavored and rarely granted.  *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (citing *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).

A court's review of a Rule 12(b)(6) motion to dismiss "is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint."  *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)).  A court may also take judicial notice of certain matters, including public records and government websites.  *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008); *see also Kitty Hawk Aircargo, Inc. v. Chao*, 418 F.3d 453, 457 (5th Cir. 2005).  Thus, in weighing a Rule 12(b)(6) motion, district courts primarily look to the allegations found in the complaint, but courts may also consider "documents incorporated into the complaint by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned."  *Meyers v. Textron, Inc.*, 540 F. App'x 408, 409 (5th Cir. 2013) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

## B. Rule 15(c) Standard

Rule 15(c) of the Federal Rules of Civil Procedure provides that "[a]n amendment to a pleading relates back to the date of the original pleading when … the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading."  Fed. R. Civ. P. 15(c)(1)(B).  Relation back is allowed to "correct a technical difficulty, state a new legal theory of relief, or amplify the facts alleged in a prior complaint."  *Flores v. Cameron Cnty.*, 92 F.3d 258, 273 (5th Cir. 1996) (quoting *FDIC v. Conner*,

20 F.3d 1376, 1386 (5th Cir. 1994)).  "'The rationale of the rule is that, once litigation involving

a particular transaction has been instituted, the parties should not be protected by the statute of

limitations from later asserted claims that arose out of the same conduct set forth in the original

pleadings.'"  *Id.* at 272-73 (quoting *Kansa Reinsurance Co. v. Cong. Mortg. Corp.*, 20 F.3d 1362,

1366-67 (5th Cir. 1994)) (alteration omitted); *see also Conner*, 20 F.3d at 1385 ("Permitting such

an augmentation or rectification of claims that have been asserted before the limitations period has

run does not offend the purpose of a statute of limitations, which is simply to prevent the assertion

of stale claims.").  The Fifth Circuit has "consistently applied Rule 15(c) criteria to amendments

changing plaintiffs."  *SMS Fin., L.L.C. v. ABCO Homes, Inc.*, 167 F.3d 235, 245 (5th Cir. 1999).

### C. Analysis

Allegations of FDCPA violations in an amended complaint, but stemming from the same

basic set of facts alleged in the original complaint, relate back to the original complaint because

the defendant was put on notice of the alleged wrongful act by the original filing.  For example, a

sole plaintiff was granted leave to amend his FDCPA complaint to add a new class of similarly

situated plaintiffs.  *Sokolski v. Trans Union Corp.*, 178 F.R.D. 393, 397 (E.D.N.Y. 1998) (allowing

addition of class of persons who received similar collection letters within one year of the date of

mailing of the letter to the original plaintiff).  In that case, the court explained that "[t]he new

claims proposed by the amended complaint for violations of the FDCPA are a 'natural offshoot'

of the 'basic scheme' to defraud the original plaintiff debtor, and therefore relate back to the

original complaint."  *Id.* (quoting *Oliner v. McBride's Indus., Inc.*, 106 F.R.D. 9, 13 (S.D.N.Y.

1985)); s*ee also Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 933 (9th Cir. 2007) (allowing

relation back even though "the amended complaint added the specific facts involving the

[collection] letter, and was more specific than the original in identifying provisions of the [FDCPA,

because] the claims it asserted arose out of the same conduct, transaction, or occurrence the district court identified; namely, [the defendant's] attempt to collect a debt from [the plaintiff]").

The substitution of a class representative also relates back to the original complaint. *See Plubell v. Merck & Co.*, 434 F.3d 1070, 1073 (8th Cir. 2006) (allowing relation back when "[b]oth the original and the amended pleadings set forth exactly the same conduct by [the defendant]; the only difference is the class representative"). This is especially true when, as Plaintiffs assert, the new plaintiff fits within the defined class in the original complaint. *Grand Lodge of Pennsylvania v. Peters*, 560 F. Supp. 2d 1270, 1274 (M.D. Fla. 2008) (holding that an amended complaint adding a new plaintiff that asserted the same claim as the original plaintiff and fit within the originally defined class related back to the original complaint); *but see Cliff v. Payco Gen. Am. Credits, Inc.*, 363 F.3d 1113, 1132 (11th Cir. 2004) (rejecting relation back when the class proposed by the amendment would no longer be limited to Florida plaintiffs, but expanded nationwide).

In the original complaint, Calogero defined the class as:

a. A class of consumers, who:

i. Had executed an agreement with the OCD to receive the Road Home grant; and

ii. Within one year prior to the filing of this action were sent an initial collection letter from [Defendants] in substantially the same form as Exhibit 1 [*i.e.*, Defendants' letter to Calogero dated February 9, 2018] which stated that "Road Home may proceed with further action against you, including legal action, in connection with the full Grant repayment balance owed as outlined above. You may also be responsible for legal interest from judicial demand, court costs, and attorney fees if it is necessary to bring legal action against you."; and/or

iii. Which failed to notify consumers that the debt is legally unenforceable; and/or

iv. Which failed to notify consumers that repayment of the alleged debt would restart the statute of limitations.[21]

---

[21] R. Doc. 1 at 6-7.

Plaintiffs attached to the second amended complaint Randolph's agreement to receive the Road Home grant[22] and the letter she received from Defendants dated August 3, 2017[23] – less than one year prior to the filing of this suit on July 16, 2018.  It contains the same language as quoted in the original complaint.  Therefore, Randolph's claims – as asserted in the second amended complaint – arise from a form letter substantially similar to the one Calogero received.[24]  In other words, both letters arise out of the same conduct, transaction, or occurrence set forth in the original complaint.  As such, Randolph's claims relate back to the original complaint, and they are not barred by the statute of limitations and should not be dismissed.

Defendants argue that Randolph asserts an entirely new claim – namely, one for Defendants' alleged "failure to itemize the basis for the debt."[25]  This new claim, Defendants say, is encompassed within the second amended complaint's "First Claim for Relief," which is described as a claim for "using false, deceptive or misleading means … and using unfair practices … in communications regarding the amount, character, and nature of the alleged debt," and alleges specifically that "Defendants' collection letter to Road Home grant recipients … fails to fairly and clearly itemize the basis of the alleged debts, and therefore misrepresents the amount and character of the alleged debt in violation of [the FDCPA]."[26]  Fairly read, the original complaint alleged a claim for violation of the FDCPA as a result of a debt collector's "misrepresenting the 'character, amount, or legal status of any debt'" by means of a collection letter.[27]  The statement of the claim in the second amended complaint merely expands upon the description of the claim as asserted in the original complaint; it does not assert an entirely new and different cause of action.  To be sure,

---

[22] R. Doc. 80-1 at 16-27.
[23] *Id.* at 28.
[24] *Compare* R. Doc. 80-1 at 28 *with* R. Doc. 1-2.
[25] R. Doc. 90-1 at 3, 9-11.
[26] R. Doc. 80 at 18.
[27] R. Doc. 1 at 9-10.

the claims are grounded in the same language of the form collection letter and, without doubt, arise out of the same conduct, transaction, or occurrence.

In similar fashion, the second amended complaint attempts to clean up the definition of the class by reciting an "umbrella class definition" and then breaking the class into four subclasses, with each subclass defined by reference to the four claims for relief into which the original claim for relief has now been sorted.[28]  Importantly, each class member is still defined, as in the original complaint, as one who received a Road Home grant and was sent the form collection letter within one year before the suit was filed.  Thus, the class has not been broadened but, instead, its description has simply been refined.  And as to Randolph, she is not a new plaintiff but has fallen within the scope of the class from day one.  Hence, the second amended complaint does not involve either the "new and different plaintiff" or "new classes of plaintiffs" that Defendants suggest should preclude the amendment from relating back.

## IV.   CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that the motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure by defendants Shows, Cali & Walsh, LLP, Mary Catherine Cali, and John C. Walsh (R. Doc. 90) is DENIED.

New Orleans, Louisiana, this 13th day of August, 2021.

BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

---

[28] R. Doc. 80 at 15-16.

9