UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IRIS CALOGERO, *et al.* | CIVIL ACTION |
| VERSUS | NO. 18-6709 |
| SHOWS, CALI & WALSH, LLP, *et al.* | SECTION M (3) |

## ORDER & REASONS

Before the Court is the motion of plaintiffs Iris Calogero and Margie Nell Randolph (together, "Plaintiffs") to strike or require repleading of answer by defendants Shows, Cali & Walsh, LLP, Mary Catherine Cali, and John C. Walsh (collectively, "Defendants").[1] Defendants respond in opposition.[2] Plaintiffs reply.[3] Having considered the parties' memoranda, the record, and the applicable law, the Court issues this Order & Reasons denying Plaintiffs' motion in part and granting it in part to require that Defendants replead their answer.

### I. BACKGROUND

This case arises from an alleged violation of the Fair Debt Collection Practices Act ("FDCPA") in attempting to recover the overpayment of Road Home grants. After hurricanes Katrina and Rita devastated the Gulf Coast area, the federal government appropriated funds to address the unprecedented housing crisis.[4] As a result, Louisiana developed the Road Home Program which was administered by the Louisiana Office of Community Development ("OCD").[5] Calogero was one of the recipients of these funds as her home was damaged by the hurricanes.[6]

---

[1] R. Doc. 107.
[2] R. Doc. 108.
[3] R. Doc. 111.
[4] R. Doc. 1 at 3.
[5] *Id.* at 4.
[6] *Id.*

As part of a May 11, 2007 contract, Calogero understood she could be prosecuted for "false, misleading, and/or incomplete statements and/or documents."[7] Over ten years later, on February 9, 2018, Defendants sent a letter to Calogero seeking repayment of an "alleged grant overpayment" due to insurance proceeds overages.[8] Calogero asserts that these "form collection letters sent by Defendant to thousands of Louisiana residents threatened legal action on claims that were time-barred, without advising that payment on the debt would revive the statute of limitations."[9]

Calogero filed her lawsuit against Defendants on July 16, 2018, claiming violations of the FDCPA.[10] She later moved for and was granted leave to amend her complaint to clarify her claims for FDCPA violations and to add Randolph as an additional plaintiff.[11] Plaintiffs subsequently filed a second amended complaint.[12] Defendants have answered the complaint, first amended complaint, and second amended complaint.[13]

## II. PENDING MOTION

In their motion, Plaintiffs object to the alleged insufficiency of Defendants' answer to the second amended complaint.[14] They argue that (1) many of the numbered responses to Plaintiffs' allegations and all affirmative defenses asserted in Defendants' answer should be stricken pursuant to Rules 8(b), 9(b), and 12(f) of the Federal Rules of Civil Procedure; (2) in the alternative, due to these deficiencies in pleading, certain allegations of the complaint should be deemed admitted pursuant to Rule 8(b); and (3) in the further alternative, Defendants should be compelled to replead

---

[7] *Id.* at 5.
[8] *Id.* (quoting R. Doc. 1-2).
[9] R. Doc. 93 at 1.
[10] R. Doc. 1.
[11] R. Docs. 43; 46.
[12] R. Doc. 80.
[13] R. Docs. 58 (answer to complaint and first amended complaint); 101 (answer to complaint, first amended complaint, and second amended complaint).
[14] R. Doc. 107-1 at 1.

their answer "on pain of having their defenses stricken and the designated allegations deemed admitted."[15]

In opposition, Defendants maintain (1) that their answer, including all of the responses Plaintiffs identify as improper, is actually sufficient; (2) that all affirmative defenses pleaded are sufficient; and (3) if the Court finds any problems associated with their responses or affirmative defenses as pleaded, that Defendants be granted leave to file an amended answer to cure any such deficiencies.[16] At the same time, Defendants concede that some of their affirmative defenses "do not appear to be sustainable at this time," and others are alleged merely to protect from waiver of issues.[17]

In reply, Plaintiffs reiterate the defects in Defendants' answer and explain that the purpose of Plaintiffs' motion is to provide a vehicle for compelling Defendants to "file an answer that comes to grips with the claims in a focused and meaningful way, so that Plaintiffs can prepare to meet the defense(s) on those same terms."[18] Defendants' insufficient responses "warrant[] an extensive reformation of the answer,"[19] Plaintiffs say, and such a reformation is "not the great chore [Defendants] make it out to be."[20]

### III.   LAW & ANALYSIS

#### A.  Rule 8(b) Standard

Rule 8(b) of the Federal Rules of Civil Procedure requires a defendant in its answer to "(A) state in short and plain terms its defenses to each claim asserted against it; and (B) admit or deny the allegations asserted against it by an opposing party." Fed. R. Civ. P. 8(b)(1). "Rule 8(b) does

---

[15] R. Doc. 107 at 1.
[16] R. Doc. 108 at 2, 4 & 6.
[17] *Id.* at 4-5.
[18] R. Doc. 111 at 1 (alteration in original).
[19] *Id.* at 7.
[20] *Id.* at 3.

not prescribe any fixed format for denials, which enables the pleader to employ any style that it believes will yield a clear responsive pleading." 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1264, at 544 (3d ed. 2004). The pleader, however, must respond in a "sufficiently definite" manner, so as to give "reasonable notice of the allegations in the complaint sought to be placed in issue ...." *Id.* at 528; *see also Rodgers v. Hopkins Enters. of Ms., LLC*, 2018 WL 3104288, at *7 (E.D. La. June 21, 2018) ("The purpose of this requirement is to give plaintiff fair notice of the defense."). The pleader may either admit the allegation, deny the allegation, or state that it lacks information or knowledge sufficient to form a basis to either admit or deny. Fed. R. Civ. P. 8. But, as courts and commentators have observed:

> It is (unfortunately) common for lawyers to use responses other than the three options of admitting, denying, and stating lack of information. For example, lawyers sometimes will respond to an allegation by saying that "it is a legal conclusion that requires no response." Also, when an allegation concerns the content of a document, lawyers sometimes will respond by saying that "the document speaks for itself." Under a strict interpretation of Rule 8(b), these responses constitute admissions; this is because they are not denials, and Rule 8(b)(6) treats all allegations not denied as having been admitted. Thus, lawyers who make use of "other responses" risk having them stricken or treated as admissions unless the court construes them otherwise.

*Gulf Restoration Network v. U.S. Env't Prot. Agency*, 2018 WL 5297743, at *2 (E.D. La. Oct. 25, 2018) (citation omitted; collecting cases). Answers containing responses that documents speak for themselves and that allegations are legal conclusions do not satisfy Rule 8(b)'s pleading requirements.

Rule 8(c) requires a defendant to "affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(c). As the Fifth Circuit explained, affirmative defenses must comply with the "fair notice" standard, requiring a defendant to plead an affirmative defense "'with enough specificity or factual particularity to give the plaintiff "fair notice" of the defense that is being advanced.'" *Skipper v. A&M Dockside Repair, Inc.*, 430 F. Supp. 3d 170, 176 (E.D. La.) (quoting

4

*Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999)), *aff'd*, 829 F. App'x 1 (5th Cir. 2020), *cert. denied*, 141 S. Ct. 2569 (2021). Failure to comply with Rule 8(c) may result in waiver. *Smith v. Travelers Cas. Ins. Co. of Am.*, 932 F.3d 302, 308-09 (5th Cir. 2019) (citing *Lucas v. United States*, 807 F.2d 414, 417 (5th Cir. 1986)). However, "'[w]here the matter is raised in the trial court in a manner that does not result in unfair surprise, ... technical failure to comply precisely with Rule 8(c) is not fatal.'" *Id.* at 309 (quoting *Allied Chem. Corp. v. Mackay*, 695 F.2d 854, 855-56 (5th Cir. 1983)). "This 'play in the joints' is permissible because 'Rule 8(c)'s purpose is to give the plaintiff fair notice.'" *Id.* (quoting *Motion Med. Techs., L.L.C. v. Thermotek, Inc.*, 875 F.3d 765, 771 (5th Cir. 2017)). In this light, "the defendant does not waive an affirmative defense" if the issue is raised "at a pragmatically sufficient time," and if the plaintiff "was not prejudiced in its ability to respond." *Lucas*, 807 F.2d at 418 (quoting *Allied*, 695 F.2d at 856). Thus, the Fifth Circuit does "not take a formalistic approach to determine whether an affirmative defense was waived" under Rule 8(c), but rather, looks "at the overall context of the litigation and ha[s] found no waiver where no evidence of prejudice exists and [the plaintiff had] sufficient time to respond to the defense ... before trial." *Pasco ex rel. Pasco v. Knoblauch*, 566 F.3d 572, 577 (5th Cir. 2009). "'The prejudice inquiry considers whether the plaintiff had sufficient notice to prepare for and contest the defense, and not simply whether the defense, and evidence in support of it, were detrimental to the plaintiff (as every affirmative defense is).'" *Smith*, 932 F.3d at 309 (quoting *Rogers v. McDorman*, 521 F.3d 381, 387 (5th Cir. 2008)) (alteration omitted).

B. Analysis

Plaintiffs correctly identify numerous defects in Defendants' answer. They point to approximately 88 instances where, they say, Defendants violate the pleading requirements of Rule 8 by responding either (1) that Plaintiffs' allegations are legal conclusions that require no response;

5

or (2) that the allegations refer to a document that speaks for itself.[21]  Further, Plaintiffs identify 14 general affirmative defenses that they say lack specificity and fail to provide Plaintiffs with fair notice of the defenses being advanced.[22]  They contend, for example, that Defendants' first affirmative defense, wherein they assert "all defenses to the Complaint that are or may be available to them under Fed. R. Civ. P. 12(b)," is the "epitome of the boilerplate eschewed by the Federal Rules."[23]  In response, Defendants tepidly defend this sort of pleading as commonplace and even admit defects in certain of their affirmative defenses, noting that some "do not appear to be sustainable at this time" and others are merely "designed to protect a party from waiver of issues determined during discovery."[24]

After a thorough examination, the Court agrees that Defendants' answer suffers from many of the deficiencies identified.  First, as Plaintiffs argue, Defendants' oft-repeated responses that "[t]he allegations of this [p]aragraph call for conclusions of law, not requiring answer from these defendants" and "[t]he allegations of this [p]aragraph refer to written documents, which are the best evidence of their contents" [25]  are exactly the archetypal responses that contravene Rule 8's pleading requirements, which permit only three options for responding to an allegation: (1) admit; (2) deny; or (3) state lack of information sufficient to admit or deny.  Second, as Plaintiffs note, Defendants' blanket and admittedly unsustainable affirmative defenses are also deficient, as they

---

[21] R. Doc. 107-1 at 5 ("Defendants' Answer resorts to the improper 'it is a legal conclusion that requires no response,' fifty-one (51) times ...."), 7 (citing 37 paragraphs wherein "Defendants have made broad and indiscriminate use of 'the document speaks for itself' dodge").
[22] *Id.* at 12-20.
[23] *Id.* at 12.
[24] R. Docs. 108 at 4-5; 111 at 7.
[25] *See, e.g.,* R. Doc. 101 at 9, 11.  The Court does note that Defendants sometimes accompany these responses with a denial but the sufficiency of such pleading has been called into question by some courts.  *See, e.g., Graham Eng'g Corp. v. Adair*, 2018 WL 1907063, at *2 (M.D. Pa. Apr. 23, 2018) ("The bare assertion that a document speaks for itself and that "no responsive pleading is required" falls short of the requirements of Rule 8(b) – even when followed by a general denial."); *In re Richner*, 2018 WL 1165759, at *2 (Bankr. M.D. Pa. Mar. 1, 2018) (same).  *But see Kleiman v. Wright*, 2020 WL 11420664, at *8 (S.D. Fla. Nov. 18, 2020) (declining to treat answer that a document "speaks for itself" as an admission).

6

fail to comply with the minimal requirement that an answer give a plaintiff "fair notice" of the defenses raised.[26] *See Skipper*, 430 F. Supp. 3d at 176. Accordingly, the deficiencies in Defendants' answer must be cured. At this juncture, however, the cure does not call for the Court to deem allegations admitted or to strike the defective defenses.[27] Instead, as both parties acknowledge,[28] the deficiencies are best addressed now by requiring Defendants to replead their answer.

## IV. CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that the motion is DENIED IN PART as to Plaintiffs' request to strike defenses and deem designated allegations admitted and GRANTED IN PART as to Plaintiffs' request that Defendants replead their answer.

IT IS FURTHER ORDERED that Defendants shall file an amended answer to Plaintiffs' second amended complaint consistent with this ruling and in compliance with Rule 8 of the Federal Rules of Civil Procedure within 15 days of entry of this order.

New Orleans, Louisiana, this 29th day of October, 2021.

BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

---

[26] See R. Doc. 107-1 at 12-20.

[27] Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, a court can strike "from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). However, a motion to strike under Rule 12(f) is a "drastic remedy" to be used "sparingly" and is generally "disfavored." *Abene v. Jaybar, LLC*, 802 F. Supp. 2d 716, 723 (E.D. La. 2011) (quoting *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982), and *In re Chinese Manufactured Drywall Prods. Liab. Litig.*, 680 F. Supp. 2d 780, 788 (E.D. La. 2010)). The parties agree that a sufficient remedy is for the Court to grant Defendants leave to file an amended answer. R. Docs. 107-1 at 1; 108 at 6. The Court also agrees.

[28] R. Docs. 107-1 at 1; 108 at 6.