UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IRIS CALOGERO | CIVIL ACTION |
| VERSUS | NO. 18-6709 |
| SHOWS, CALI & WALSH, LLP, *et al.* | SECTION M (3) |

### ORDER & REASONS

Before the Court is the motion of plaintiffs Iris Calogero and Margie Nell Randolph (together, "Plaintiffs") to review the magistrate judge's decision on their motion to compel.[1] Defendants Shows, Cali & Walsh, LLP, Mary Catherine Cali, and John C. Walsh (collectively, "Defendants") respond in opposition.[2] Having considered the parties' memoranda, the record, and the applicable law, the Court issues this Order & Reasons denying the motion.

### I. BACKGROUND

This case arises from an alleged violation of the Fair Debt Collection Practices Act ("FDCPA") stemming from Defendants' attempt to collect repayment of grant funds plaintiffs received from the Louisiana Road Home program following Hurricanes Katrina and Rita.[3] In response to the devastation these hurricanes caused, the federal government appropriated disaster-relief funds to affected areas, like Louisiana, through the U.S. Department of Housing and Urban Development's ("HUD") Community Development Block Grant ("CDBG").[4] HUD authorized the state of Louisiana to distribute the federal funds to its constituents.[5] So, the Louisiana Office

---

[1] R. Doc. 238.
[2] R. Doc. 239.
[3] R. Doc. 147-1 at 1.
[4] R. Doc. 80 at 5.
[5] *Id.* at 6.

of Community Development ("OCD") and the Louisiana Recovery Authority ("LRA") administered the Road Home Program, which distributed CDBG funds to Louisiana homeowners who sustained unreimbursed damage.[6] Both Calogero and Randolph received grants though the Road Home Program.[7] Later, OCD discovered numerous errors in the distribution of the grants – thousands of recipients had received overpayments, including, allegedly, Calogero and Randolph.[8] Accordingly, the state hired Defendants to assist with efforts to recover the allegedly overpaid awards.[9] Defendants then sent each plaintiff a collection letter seeking to recover alleged overpaid grant funds.[10] Plaintiffs allege that Defendants' efforts to seek repayment of the grant funds violated multiple provisions of the FDCPA.[11]

Plaintiffs filed a motion to compel Defendants to supplement their response to an interrogatory that directed Defendants to "produce any and all documents which reflect the current net worth of each Defendant and calculation thereof, including, but not limited to, current profit and loss statements, balance sheets, or other financial documents."[12] Defendants opposed the motion, arguing that they had provided Plaintiffs with all of the information and documentation they possessed but would supplement their response once they received additional information.[13] On February 23, 2022, the magistrate judge conducted an oral hearing and denied Plaintiffs' motion to compel,[14] reasoning that Defendants had produced all documents in their possession as of the date of the hearing.[15] The magistrate judge ordered Defendants to supplement their

---

[6] R. Docs. 80 at 6; 147-1 at 13-14 (citing *Groby v. Davis*, 575 F. Supp. 2d 762 (E.D. La. 2008)).
[7] R. Docs. 80 at 7; 162-7 at 6.
[8] R. Doc. 80 at 9.
[9] R. Docs. 80 at 10; 147-1 at 10.
[10] R. Doc. 80 at 10.
[11] R. Doc. 147-1 at 1.
[12] R. Doc. 182-1 at 1-2.
[13] R. Doc. 198 at 2.
[14] R. Doc. 216.
[15] *Id.* at 1.

responses to include relevant documentation once that information becomes available.[16]  Now, Plaintiffs seek review of the magistrate judge's order.[17]

## II.  LAW & ANALYSIS

### A.  Legal Standard

Magistrate judges are empowered to "hear and determine" certain nondispositive pretrial motions.  28 U.S.C. § 636(b)(1)(A); *see also PYCA Indus., Inc. v. Harrison Co. Waste Water Mgmt. Dist.*, 81 F.3d 1412, 1421 n.11 (5th Cir. 1996).  If a party is dissatisfied with a magistrate judge's ruling on a nondispositive motion, it may appeal to the district court.  Fed. R. Civ. P. 72(a).  When timely objections are raised, the district court will "modify or set aside any part of the order that is clearly erroneous or is contrary to law."  *Id.*; *see also* 28 U.S.C. § 636(b)(1)(A).  The court reviews the magistrate judge's "factual findings under a clearly erroneous standard, while legal conclusions are reviewed *de novo*."  *Moore v. Ford Motor Co.*, 755 F.3d 802, 806 (5th Cir. 2014) (quotations omitted).  A factual "finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

### B.  Analysis

In their motion, Plaintiffs argue that "the magistrate's error relates to a statement of fact made during oral argument and an implicit ruling of law."[18]  Plaintiffs contend that while Defendants stated that they have no current net worth statements in their possession, they did not deny that they had documents reflecting their current net worth.[19]  So, say Plaintiffs, "[t]he Magistrate clearly erred as a matter of fact in construing Defense counsel's statement that they did

---

[16] *Id.* at 2.
[17] R. Doc. 238 at 1.
[18] R. Doc. 238-1 at 2.
[19] *Id.* at 4.

not have net worth statements from their accountant to mean that they did not have any records reflecting their net worth."[20] In addition, Plaintiffs contend that the magistrate judge "also erred as a matter of law in implicitly ruling that Plaintiffs are confined to discovery of the net worth statements prepared by Defendants' own accountant(s), and must wait on Defendants' timetable for the production of same."[21] Plaintiffs argue that, as a result of the magistrate judge's decision, they "will be prejudiced if they are required to try their case against Defendants based on either stale financial data, or the unverifiable conclusions of Defendants' accountant(s)."[22]

In opposition, Defendants argue that the magistrate judge's order was not clearly erroneous.[23] They maintain that they "do not possess any additional net worth calculation documents, but ... will supplement same when [their] CPAs are able to create same."[24] Thus, Defendants insist that there is nothing else to produce at this juncture, but that they will provide supplemental responsive documentation once it is in their possession.[25]

The magistrate judge did not err. First, the magistrate judge stated that "this Court cannot order defendants to produce what they do not have."[26] And this Court agrees.[27] This conclusion is not clearly erroneous or contrary to law. Second, there is no basis for Plaintiffs' contention that the magistrate judge implicitly ruled that they are "confined to discovery of the net worth statements prepared by Defendants' own accountant(s), and must wait on Defendants' timetable for the production of same."[28] Nothing in her order suggests that the magistrate judge cabined

---

[20] *Id.*
[21] *Id.* (emphasis omitted).
[22] *Id.* at 6.
[23] R. Doc. 239 at 1.
[24] *Id.* at 2.
[25] *Id.* at 3.
[26] R. Doc. 216 at 1.
[27] *See* R. Doc. 96 at 9 (finding that the magistrate judge's ruling was not clearly erroneous or contrary to law because Defendants (1) represented that they have produced all responsive documents in their possession; and (2) could not be forced to produce a document they did not have).
[28] R. Doc. 238-1 at 4 (emphasis omitted).

4

Plaintiffs to the discovery of net worth statements prepared by Defendants' accountants, especially when the magistrate judge directed Defendants generally to "include relevant documentation used to calculate each defendants' net worth."[29]

Importantly, the magistrate judge reminded Defendants of their duty to supplement their discovery responses and noted that the information and documents Plaintiffs requested are relevant to the disposition of the case.[30]  In addition to the magistrate judge's order that Defendants supplement their responses once the requested information becomes available,[31] Defendants have acknowledged their obligation to do so.[32]  Because Defendants represent in their opposition that they have produced all responsive documents in their possession, and they cannot be forced to produce a document they do not have, the magistrate judge's ruling is not clearly erroneous or contrary to law.  The Court does note, however, that three months have now passed since the magistrate judge issued her order.  Consequently, this Court, as did the magistrate judge, reminds Defendants of their obligation to supplement their discovery responses to provide all responsive documents, as they become available, including documentation used to calculate Defendants' net worth.

### III.     CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that the motion of plaintiffs Iris Calogero and Margie Nell Randolph to review the magistrate judge's decision on their motion to compel (R. Doc. 238) is DENIED.

---

[29] R. Doc. 216 at 2.
[30] *Id.* at 1-2.
[31] *Id.* at 2.
[32] R. Doc. 239 at 3 ("The defendants' accountants are working on the 2021 tax returns, and updated formal net worth calculations, which defendants will provide to the plaintiffs upon receipt.").

New Orleans, Louisiana, this 24th day of May, 2022.

                                                      BARRY W. ASHE
                                                      UNITED STATES DISTRICT JUDGE